
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2918 | DATE | 10/21/2003 |
| CASE TITLE | | Valentine vs. City of Chicago | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　　☐ FRCP4(m)　☐ Local Rule 41.1　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 01/22/04 at 9:00 a.m. This matter is before the Court on defendant City of Chicago's motion to dismiss plaintiff Donna Valentine's Section 1983 due process claim (Count III). For the reasons stated on the attached memorandum opinion, the Court hereby grants defendant City of Chicago's motion to dismiss plaintiff Donna Valentine's Section 1983 due process claim (Count III). Enter Memorandum Opinion.

(11) ■ For further detail see Memorandum Opinion attached to the original minute order.

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 2 2 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in Court. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| ✓ | Copy to Magistrate Judge Denlow. | date mailed notice | |
| | courtroom MW6 deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONNA VALENTINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 2918 |
| ) | |
| CITY OF CHICAGO, a municipal corporation ) | |
| JOHN TOMINELLO, MIKE DITUSA, and ) | |
| JOSEPH SENESE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's motion to dismiss Plaintiff Donna Valentine's ("Valentine") Section 1983 due process claim. For the reasons stated bellow we grant the motion to dismiss.

## BACKGROUND

Valentine was hired by the City of Chicago Department of Transportation ("CDT") approximately ten years ago as a seasonal truck driver at O'Hare International Airport. Valentine claims that approximately one hundred men and only one or two women were assigned to the CDT garage where Valentine worked. Defendant John Tominello ("Tominello") worked at the CDT garage along with Valentine. Valentine alleges that beginning in March of 2002 Tominello harassed her. According to Valentine, Tominello repeatedly asked her out and on several occasions touched her on her arms and shoulders. Tominello also allegedly made other

1



comments to Valentine of a sexual nature. On September 25, 2002, Valentine claims that Tominello shook powdered sugar from a cookie into Valentine's lap. Valentine apparently responded in some angry fashion and Tominello thereafter filed a Violence in the Workplace grievance against Valentine. The Violence in the Workplace policy was established by Mayor Daley's Executive Order 99-2.

Valentine claims that at the end of the day on September 25, 2002, she discovered that Tominello had put chewed "cookie spit" on her car windows, and placed a plastic penis under her windshield wiper. Valentine's boyfriend apparently found out about the vandalism to her car, and apparently, Tominello feared that Valentine's boyfriend would harm him because of the vandalism incident. Valentine subsequently filed a sexual harassment charge against Tominello at the City of Chicago's Sexual Harassment Office. Valentine claims that after she filed the charge her co-workers shunned her and she began suffering mentally and physically from the added tension at work. Valentine received a written reprimand for the Violence in the Workplace charge against her. Valentine filed a nine count complaint containing the following claims: a Section 1983, 28 U.S.C. § 1983, equal protection claim, a Section 1983 retaliation claim, a Section 1983 due process claim, an intentional infliction of emotional distress claim, an assault claim, a battery claim, a claim alleging a violation of the Illinois Hate Crimes Act, 720 ILCS 5/12-7.1, a trespass claim, and an intrusion into privacy claim. Defendant City of Chicago ("the City") brought the instant partial motion to dismiss the Section 1983 due process claim (Count III).

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the

2

plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 444-45 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

The City argues that Valentine's Section 1983 due process claim should be dismissed because Valentine has not alleged the deprivation of a protected property interest. A threshold inquiry for a substantive or procedural due process claim is whether plaintiff has identified a protected liberty or property interest. *See Smith v. Board of Educ. of City of Chicago*, 853 F.2d 517, 520 (7th Cir. 1988)(affirming district court's directed verdict against plaintiff with regards to her substantive and procedural due process claims because plaintiff failed to establish a property interest). In order to have a property interest in a benefit a plaintiff must show that he has "more than an abstract need or desire for it." *Miller v. Crystal Lake Park Dist.*, 47 F.3d 865, 867 (7th Cir. 1995)(quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). A plaintiff must show

3

that he has a "legitimate claim of entitlement" to the benefit. *Id.*; *See Lim v. Central DuPage Hosp.*, 871 F.2d 644, 646 (7th Cir. 1989)(stating that the word "property" in the Due Process Clause of the Fourteenth Amendment means an "entitlement"). Property interests exist only if there are "existing rules or understandings" independent of the United States Constitution that establish that there is a "mutually explicit understanding" between the parties that there is an entitlement to a benefit. *Moore v. Muncie Police and Fire Merit Comm'n*, 312 F.3d 322, 326 (7th Cir. 2002)(quoting *Crim. v. Board of Educ. Of Cairo Sch. Dist. No. 1*, 146 F.3d 535, 545 (7th Cir. 1998)). Property interests can be derived from state law, *Williams v. Seniff*, 342 F.3d 774, 787 (7th Cir. 2003), and if the plaintiff claims that a property interest stems from state law he is required to identify a " substantive state-law predicate creating that interest." *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003).

In her complaint in her Section 1983 due process claim (Count III) Valentine asserts that she has a "property interest in continued employment, a positive personnel record, and the availability of promotional opportunities." The City correctly points out that Valentine continues to be employed by the City and Valentine makes no allegations that her dismissal is imminent or that she was threatened with dismissal. Since the alleged incidents Valentine has been transferred to another CDT garage and she no longer works with Tominello. Thus, she has not been denied the benefit of continued employment.

In her answer to the instant motion Valentine argues that she has "a property interest in a benefit created by [the] understanding and practices of the City of Chicago with respect to promotions and career advancement within the City." However, Valentine fails to cite to any legal precedent that would support such an assertion. Valentine may desire and expect that she would be entitled to a positive personnel record and promotional opportunities but a mere "unilateral expectation" of a benefit is insufficient to create a protected property interest. *Board*

4

of Regents, 408 U.S. at 577. Valentine has failed to show that she has a claim of entitlement to a "positive personnel record, and the availability of promotional opportunities." *See Moore*, 312 F.3d at 327(stating that an employee does not have a property interest in a prospective promotion). Therefore, we grant the motion to dismiss the due process claim (Count III).

## CONCLUSION

Based on the foregoing analysis we grant the City's motion to dismiss Valentine's Section 1983 due process claim (Count III).

Samuel Der-Yeghiayan
United States District Court Judge

Dated: OCT. 21, 2003

5