IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA VALENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 2918 |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | |
| corporation JOHN TOMINELLO, | ) | |
| MIKE DITUSA, and JOSEPH SENESE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Donna Valentine's ("Valentine") motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e). For the reasons stated below, we deny Valentine's motion for reconsideration in its entirety.

## BACKGROUND

In July of 1993, Valentine began working for the City of Chicago ("City") Department of Transportation. Valentine worked at the Bosworth yard location as a motor truck driver and a sweeper. Valentine alleges that she was sexually harassed

1

by Defendant John Tominello ("Tominello") who was another motor truck driver that worked at the Bosworth yard location with Valentine. Defendant Mike DiTusa ("DiTusa") also worked at the Bosworth yard as the Lot Supervisor. From June of 2002 to May of 2003, Defendant Joseph Senese ("Senese") was the Acting General Foreman and was responsible for the supervision of all of the City yards. Senese supervised motor truck drivers, dispatched trucks and performed other administrative functions in the office.

On March 19, 2003, Valentine filed a charge with the Equal Employment Opportunity Commission alleging sexual discrimination. Valentine then filed the instant action and included in her first amended complaint an equal protection claim against the City, Tominello, DiTusa, and Senese based upon 42 U.S.C. § 1983 ("Section 1983")(Count I), a Section 1983 retaliation claim against the City, Tominello, DiTusa, and Senese (Count II), a sexual harassment claim against the City based upon violations of Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. § 2000e *et seq.*, (Count III), an intentional infliction of emotional distress claim ("IIED") against Tominello and DiTusa (Count IV), a willful and wanton assault claim against Tominello and DiTusa (Count V), a battery claim against Tominello (Count VI), and a claim alleging a violation of the Illinois Hate Crimes Act, 720 ILCS 5/12-7.1, against Tominello (Count VII). On January 11, 2005, we granted Defendants' motions for summary judgment in their entirety. Valentine now requests that the court reconsider its January 11, 2005 ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

## DISCUSSION

Valentine devotes some of her motion for reconsideration to simply reiterating her arguments previously presented to the court and attempting to convince the court of their merit the second time around. Such arguments are improper in a motion for reconsideration, for such motions are not intended to be utilized as a vehicle to renew the same arguments previously presented to the court. *Moro*, 91 F.3d at 876.

3

Valentine also criticizes various points of the court's prior ruling. Valentine may not agree with the court's prior ruling, but Valentine must offer more than her disapproval of the court's prior ruling in her motion for reconsideration for, as is indicated above, a motion for reconsideration is reserved for when a court makes a manifest error. *LB Credit Corp.*, 49 F.3d at 1267. The majority of Valentine's arguments in her motion for reconsideration fail to even indicate that the court committed a manifest error and are thus inappropriate. Also, regardless, we have reviewed all the arguments presented by Valentine in her motion for reconsideration and find that all such arguments lack merit and do not warrant an alteration in the court's prior ruling.

Valentine argues that, after we granted Defendants' motions for summary judgment, the Seventh Circuit ruled in *Loughman v. Malnati Organization Inc.*, 395 F.3d 404 (7th Cir. 2005), which Valentine contends is similar to the instant action and which warrants a reconsideration of this courts January 11, 2005, ruling. Valentine also argues that in ruling on Defendants' motions for summary judgment this court improperly "made a value judgment regarding the credibility of plaintiff as a witness. . . ." (Recon. 6).

I. *Loughman* Case

Valentine argues that *Loughman v. Malnati Organization Inc.*, 395 F.3d 404 (7th Cir. 2005) "closely parallels the instant case" (Recon. 1). Valentine first argues

that in *Loughman*, the Court disagreed with the defendant's contention that the plaintiff should have complained about sexual harassment to "senior management instead of her supervisor. . . ." (Recon. 2). However, Valentine distinguishes *Loughman* from the instant action with her own argument. As explained in detail in our prior ruling, the evidence is clear that DiTusa was not Valentine's supervisor, nor could any reasonable trier of fact conclude that Valentine reasonably concluded that DiTusa was her supervisor. In *Loughman*, the plaintiff worked at the defendant restaurant and complained about sexual harassment to the manager of the defendant restaurant that was her supervisor. 395 F.3d 405-06. In the instant action, Valentine did not complain to her supervisor. Rather, she merely complained to DiTusa, a coworker, and when she finally complained to Senese, her supervisor, he took immediate and decisive action, transferring Tominello the next day. Valentine also argues in her motion for reconsideration that the court in *Loughman* "was not centered on the particular powers that her supervisor had. . . ." (Recon. 3). However, as indicated above in the instant action DiTusa was not Valentine's supervisor.

Valentine also contends that the court in *Loughman*, found that the defendant restaurant's sexual harassment policy was ineffective because offenders were merely given warnings rather than suffering disciplinary actions. Valentine argues that similarly, in the instant action, the City was aware of past sexual harassment by Tominello based upon the complaints by Elizabeth Ferrell in another yard. We

5

addressed this issue in our prior ruling and indicated that no reasonable trier of fact could conclude that simply because Tominello might have committed sexual harassment at another yard, he posed a risk to the women at the Bosworth yard where he was reassigned. Thus, based upon the undisputed evidence in the instant action, we found that no reasonable trier of fact could conclude that the City breached any duty of care owed to its employees in regards to Tominello.

II. Credibility Determinations

Valentine also argues that the court, in ruling on Defendants' motions for summary judgment, took on the role of the trier of fact and "improperly made a value judgment regarding the credibility of plaintiffs as a witness and gave improper weight to the evidence." (Recon. 6). Valentine is incorrect. The court made no such credibility determinations in its prior ruling. The language in our prior ruling that Valentine points to as an indication that the court made an improper credibility determination is the court's statement that Valentine offers "nothing more than her own speculation" in support of her contention that DiTusa could transfer employees. (1/11/05 Ruling 9). Valentine argues that it is for the trier of fact to assess what weight it will give to her testimony in this regard and weigh it accordingly in comparison to the other evidence in the action. We did not make any determination as to the weight that should be given to Valentine's opinion in her deposition that DiTusa could transfer employees. Rather, instead of focusing on the select portion

of her deposition out of context as Valentine now attempts to do, we reviewed her entire testimony and found that she had not presented sufficient evidence for the case to go to the trier of fact. Although Valentine claimed at her deposition that she believed that DiTusa could transfer employees, when asked to give the bases for that conclusion, Valentine simply stated that DiTusa had transferred employees in the past. (Val. dep. 311-12). Valentine could not point to any documentation that showed that DiTusa transferred employees in the past or to any of the dates of those transfers. (Val. dep. 311-12). She stated simply that she thought that DiTusa transferred other employees. (Val. dep. 311-12). Whether or not she thought DiTusa transferred other employees is irrelevant. The point is that Valentine readily admitted at her deposition that she had no basis other than her own assumptions and speculation that DiTusa transferred other employees. Valentine is not entitled to go before the trier of fact and argue that it is her opinion that DiTusa transferred employees in the past when Valentine has no evidence to support such an assertion. In addition, whether or not DiTusa transferred individuals is not a dispositive point which would allow for a reasonable trier of fact to conclude that DiTusa was Valentine's supervisor even if DiTusa did transfer another employee in the past. Therefore, we deny Valentine's motion for reconsideration in its entirety.

## CONCLUSION

Based on the foregoing analysis, we deny Valentine's motion for reconsideration in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 11, 2005