# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DONNA VALENTINE, )
)
        Plaintiff, )
)
v. ) No. 03 C 2918
)
CITY OF CHICAGO, a municipal )
corporation JOHN TOMINELLO, )
MIKE DITUSA, and JOSEPH SENESE, )
)
        Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's ("City") bill of costs. For the reasons stated below, we grant in part and deny in part the bill of costs.

## BACKGROUND

On January 11, 2005, we granted Defendants' motions for summary judgment and on May 13, 2005, we denied Plaintiff Donna Valentine's ("Valentine") motion for reconsideration of the January 11, 2005 ruling. The City, as one of the Defendants, has filed a bill of costs as a prevailing party in this action.

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that the prevailing party shall be allowed to recover costs other than attorneys' fees unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. §1920(setting forth costs that are generally recoverable). The Seventh Circuit has made it clear that in reviewing a bill of costs, the district court should keep in mind that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005); *see also Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)(stating that "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined"). In addition to making sure that requested costs are recoverable, a district court must also ensure that the costs are reasonable. *See, e.g., Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

## DISCUSSION

The City requests compensation in its bill of costs for $7,446.33 in costs and expenses. Valentine has filed several objections to the City's bill of costs.

## I. Deposition Transcripts for Dr. Meyers and Dr. Fitzgerald

Valentine argues that the City improperly seeks to recover expenses for transcripts for the depositions of Dr. Sheldon Meyers ("Meyers") and Dr. Louise Fitzgerald ("Fitzgerald"). A deposition cost may be recovered for a deposition that was "'reasonably necessary' to the case at the time it was taken" and the inquiry should not focus on "whether it was used in a motion or in court." *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998)(stating that focus should not be on whether the deposition was ultimately utilized in action). Valentine contends that the City did not need the transcripts because the City filed a motion seeking to exclude Meyers and Fitzgerald, and the "two witnesses added nothing to Defendants' motion for summary judgment." (Ans. BC 2). However, simply because the City sought to exclude Meyers and Fitzgerald does not mean that their deposition transcripts would not have been of significant value to the defense. Valentine's own perception that the testimony of the witnesses did not advance Defendants' position is not sufficient to warrant a finding that the deposition costs were not necessarily incurred. The facts before us indicate that the deposition costs were reasonably necessary. Therefore, the deposition costs for Meyers' and Fitzgerald's deposition transcripts will not be stricken from the bill of costs.

## II. Other Deposition Transcripts

Valentine also contends that the City should not be able to recover costs for

the deposition transcripts of Dylan Farmer, Phil Gabor, Gina Lupi, Lisa Ellerman, Michaeleen Valentine, and Edmond Marcotte. However, again, Valentine's request is based upon her own perception that the transcripts were not needed for Defendants' defense and, again, Valentine's contentions are not supported by the facts in the case. Valentine is also crafting her objections to such depositions in hindsight after the court's rulings and the disposition in this action to create the perception that the transcripts would not have been reasonably necessary during these proceedings. The facts before us indicate that the transcripts were reasonably necessary and, therefore, should not be stricken from the bill of costs.

### III. Deposition Cancellation Fees

Valentine argues that the City cannot recover for cancellation fees for the depositions of Elizabeth Farrell ("Farrell") and Anthony Marano ("Marano"). Valentine argues that the only reason that the court reporter service would have charged cancellation fees to the City was if the City cancelled the deposition and therefore, Valentine should not have to pay for the City's lack of diligence in pursuing the depositions. We agree. Therefore, the $148.50 for the cancellation of Farrell's deposition and the $125.00 for the cancellation of Marano's deposition are stricken from the City's bill of costs.

## IV. Copying Expenses

Valentine objects to the City's request of $132.12 in photocopying costs for copies made by Merrill Communications LLC, and to the City's request of $30.50 for copies of photos. Valentine argues that the City has not provided sufficient documentation for the alleged costs. However, the Seventh Circuit has stated that a bill of costs applicant is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Given this standard, the City has provided sufficient documentation for the photocopying costs. Also, common sense tells one that in this instance, an overly-detailed record for such expenses should not be required. It would be ridiculous to require extensive and overly-detailed documentation for $132.12 and the $30.50 in photocopying because even a minimal amount of time expended by an attorney preparing such detailed documentation would exceed the amount that would be recovered. Therefore, we shall not strike the $132.12 in photocopying costs or the $30.50 in costs for copying photos objected to by Valentine.

## V. Whether Costs are Recoverable and Reasonable

We have reviewed the entire bill of costs and, other than the two cancellation fees mentioned above, all the costs in the bill of costs are recoverable under Federal

Rule of Civil Procedure 54. The City has provided sufficient documentation to support the costs and such costs are reasonable.

## CONCLUSION

Based on the foregoing analysis, we grant in part and deny in part the City's bill of costs and award $7,172.83 in costs to the City.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 5, 2005